ItPER CURIAM *.
The application is granted.
Alleging that she was a resident of Orleans Parish, plaintiff filed suit in Orleans Parish claiming damages incurred in an automobile accident in Jefferson Parish. Defendants were the Jefferson Parish tortfeasor, the tortfeasor’s liability insurer, and plaintiff’s uninsured motorist carrier.
Defendants answered the petition. However, upon later learning that plaintiff was domiciled in Jefferson Parish at the time of the accident and at the time of filing suit, defendants filed a declinatory exception of improper venue.[1]
The trial judge maintained the exception and transferred the action to Jefferson Parish. Plaintiff applied for supervisory writs.
The court of appeal reversed the judgment of the trial court. Citing La.Code Civ.Proc. arts. 925 and 928,[2] the intermediate court *576 ruled that defendants had |2waived their right to object to improper venue by filing an answer. The court noted that defendants could have investigated plaintiffs allegation of her domicile before filing the answers.
Contrary to the position of the intermediate court, defendants had no reason to investigate the sworn allegation by plaintiff that Orleans Parish was her domicile. La.Code Civ.Proc. art. 863B provides that the signature on a pleading by an attorney or party constitutes a certification that the statements are “well grounded in fact” and “not interposed for any improper purpose.” For whatever reason, plaintiff apparently perceives that Orleans Parish is a more favorable venue for asserting her claim. She could not have asserted her claim in Orleans Parish but for her obviously incorrect allegation of domicile. Because she is fighting ferociously to maintain venue there, one may infer that she made the allegation for an improper purpose. In such a case, the courts, rather than placing the burden on the other party to investigate sworn and apparently innocuous statements in pleadings, should require attorneys and litigants to be candid in statements in pleadings.
We hold that plaintiff cannot be allowed to benefit (she obviously perceives Orleans Parish venue to be a benefit) from her false statement in her pleading which clearly misled defendants not to object to venue.
Accordingly, the judgment of the court of appeal is reversed, and the judgment of the trial court is reinstated.

 Kimball, J., not on panel. Rule IV, Part 2, § 3.

. Under plaintiff's allegations, venue would have been proper in the parish of the plaintiff's domicile under La.Code Civ.Proc. art. 73.

. At the time defendants filed their answers, Article 925 provided that a defendant waived objections raised by the declinatory exception by making an appearance. In 1997, the Legislature abolished the concept of general appearance. La.Acts 1997, No. 578 amended Article 925 to delete the provision for waiver by appearance. La.Acts 1997, No. 1055 amended Article 928 to provide that a declinatory exception may be filed “prior to or in the answer, or prior to the confirmation of a default judgment.” Thus the new law would not have affected waiver in this case, *576 even though appearance no longer constitutes waiver.